40359.   MINTON v. ZURICH INSURANCE COMPANY.

Decided October 23, 1963.

*Arnall, Golden & Gregory, H. Fred Gober,* for plaintiff in error.
*T. J. Long, Ben Weinberg, Jr.,* contra.

FELTON, Chief Judge. ■ The evidence, being in sharp conflict on the vital issues, did not demand a verdict for the plaintiff in error, also plaintiff in the trial court. The kernel of this case is the question whether the plaintiff relied on the insurance agent to procure insurance policies for him and advance the premiums to the company and whether the agent told the plaintiff that he had issued him a six-month policy on the automobile which was involved in a collision. The insurance agent denied both contentions as testified to by the plaintiff. The agent

testified that he did not advance premiums for the plaintiff unless the plaintiff requested him to do so. The agent also testified that the policy MM5-32-687, originally written on the 1958 Plymouth, was a six-month policy, since the company issuing it did not write a twelve-month policy desired by the plaintiff; that the premium notices were sent to insureds on such policies every six months; that the plaintiff selected this type of policy because it was cheaper. The agent also testified that he told plaintiff that in insuring the 1951 Plymouth no new policy would be issued but that an endorsement would be sent to him changing the coverage from the 1958 Plymouth to the 1951 Plymouth, which was done, and which endorsement showed that the policy expired on March 26, 1962. After March 26, 1962, a lapse notice was sent to the plaintiff which showed that the insurance policy MM5-32-687, on the 1958 Plymouth, had been canceled and advising that if the premium was paid not later than 10 days from March 10, 1962, it would be reinstated. The plaintiff's contention is that the agent told him that he had a six-month policy on the 1951 Plymouth and that when he received the notice of another premium and the lapse notice on the policy MM5-32-687, stating that the policy was on a 1958 Plymouth he let the policy lapse under the impression that he had another policy on the 1951 Plymouth. The evidence showed that the plaintiff had had two other endorsements on the identical policy without having been issued new ones and without any change in expiration dates. The agent specifically testified that the plaintiff did not request him to advance the premium on the coverage of the 1951 Plymouth when the policy expired. The jury was authorized to find that the plaintiff was not told by the agent that he had a six-month policy on the 1951 Plymouth and that the endorsement received by the plaintiff on the identical policy and covering the 1951 Plymouth, showed that it expired on March 26, 1962, about 16 days after the date of the endorsement. The jury was authorized to find that the plaintiff knew from what the agent told him and from the endorsement that the premium notice was for the 1951 Plymouth and not the 1958 Plymouth in spite of the fact that the premium notice showed that the policy covered the 1958

Plymouth and of the fact that the lapse notice showed the same. In view of the conflict in the evidence the jury was authorized to find that there was no basis for the plaintiff's contention that the contract between the parties was for a six-month policy on the 1951 Plymouth. The general grounds of the amended motion for new trial are without merit.

■ Special ground 1 complains that the plaintiff's right to a thorough and sifting cross examination was abridged by the court's ruling that Mr. Yerta did not have to answer the question, *"That* comes from Zurich Insurance Company and shows that 1958 Plymouth automobile?" Although it is not shown anywhere in the amended motion to what "that" refers, even if it is assumed that it refers to the premium notice, the ground is without merit for the reason that the notice itself had already been admitted in evidence without objection.

■ Special ground 2 assigns error on the court's giving the following charge to the jury: "The defendant insurance company contends that their agent told the plaintiff that he would not need a new policy, that the old policy had been amended to cover the 1951 car and that all he had to do was pay the premium which would be due in a few days, and that would carry it for six more months." Yerta testified as follows: "He [Minton] asked me if he owed any money for this transaction, and I told him, 'No, sir,' he would retain the same policy, same expiration date and same coverage; the only change that would be made in the policy would be the automobile the policy covered, when he got the renewal notice to send the premium to the company. He didn't tell me he had the premium notice there in his hand . . . he didn't ask me to pay it for him." This testimony was a sufficient basis for the charge as to the defendant company's contention; therefore, special ground 2 is without merit.

■ Special ground 3 assigns error on the court's failure to charge substantially as follows: "You should find in favor of the plaintiff unless you find from the evidence that the defendant sent plaintiff a premium notice covering the 1951 Plymouth automobile after March 10, 1963, the date defendant contends the 1951 automobile of plaintiff was insured by defendant by

substituting the 1951 automobile for plaintiff's 1958 Plymouth automobile." The amendatory endorsement, attached as plaintiff's exhibit 4, showed its effective date to be March 10, 1962, and the next policy renewal date to be March 26, 1962. The agent, Yerta, testified that he had explained to the plaintiff that the defendant company did not issue a new policy in order to change the coverage from one automobile to another, but that its practice was to put an endorsement on the original policy changing the automobile insured and to make the expiration date correspond with that of the original policy. It was therefore not necessary that the defendant company send a premium notice specifically stating that it covered the 1951 automobile and the court did not err in failing to give a charge instructing the jury that such a notice was necessary. Special ground 4, which complains that the plaintiff was never given notice of any premium due on the 1951 automobile, is without merit for the reason discussed under special ground 3, above.

The motion for a new trial as amended was properly overruled.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*