## 64991. WIARD v. PHOENIX INSURANCE COMPANY.

DEEN, Presiding Judge.

Ronald Wiard, former husband of appellant, purchased on October 30, 1974, an automobile liability insurance policy from appellee, a subsidiary of The Travelers Insurance Companies. Earlier in that same year the legislature had enacted the Georgia Motor Vehicle Accident Reparations Act, better known as the "no-fault law," Ga. Laws 1974, p. 113 et seq. (OCGA § 33-34-1 et seq.; Ga. Code Ann. § 56-3401b et seq.). Section 56-3404b (OCGA § 33-34-5) deals with optional coverage. Subsection (a) of this statute as originally enacted provided that all automobile liability policies would automatically carry $50,000 of optional no-fault coverage unless this additional coverage was rejected in writing by the insured. Subsection (b) of the statute as originally enacted required that insurance application forms provide separate spaces opposite each no-fault coverage option for the applicant to sign as an indication that he wished to accept or reject that particular coverage. The effective date of this statute was March 1, 1975. The appellee's records show that in December 1974 Phoenix mailed to its insureds, presumably including appellant, documents explaining no-fault

coverage and stating that the maximum (i.e., $50,000) no-fault coverage would be added to existing policies, and the insureds billed for such coverage, unless this coverage or other optional no-fault coverages was rejected in writing.

In January 1975, before the effective date of § 56-3404b (a) and (b) (Ga. Laws 1974, pp. 113, 124), the legislature amended the as-yet executory statute by adding subsections (c) and (d). Subsection (c) specified, *inter alia,* that if an insured failed to notify his insurer in writing, within 30 days of the mailing of the notice of optional no-fault coverage, as to his acceptance or rejection of such coverage, he would be deemed to have rejected it. Subsection (d) made it unnecessary for the insurer to re-offer optional no-fault coverage upon policy renewal if the offer had previously been rejected as described in subsection (c). See Ga. Laws 1975, pp. 3, 4. It should be noted that subsections (b), (c), and (d) have been superseded by a new statute enacted in 1982; see Ga. Laws 1982, p. 1234, § 1 (OCGA § 33-34-5 (b), (c), (d) (Code Ann. § 56-3404b)). At all times relevant to this appeal, however, the statutory provisions indicated, supra, were in effect. It is the then-existing subsection (c) that is controlling in the case at bar.

According to appellee's records, a postcard addressing "Dear Georgia Motorist" was mailed to all the company's insureds in February 1975, alluding to the December mailing and bearing the information that under the new statutory provisions (§ 56-3404b (c) and (d)), failure to respond to the request for election or rejection of optional no-fault coverage would constitute a rejection. Appellant alleges that neither she nor her husband received either the December or the February mailing. She does not deny, however, that subsequent to March 1, 1975, she and her husband routinely received from appellee semi-annual renewal notices bearing language indicating that the policy provided only basic no-fault coverage, or that at no time following receipt of anyone of these notices did she or her husband get in touch with appellee to seek additional coverage.

Appellant was injured in an automobile collision on October 11, 1975, and collected from appellee $5,000, representing the full amount payable for personal injuries under basic no-fault coverage. She was unable to work, however, and continued thereafter to incur medical bills. In September 1981 her attorney wrote to appellee, informing it that appellant wished to accept "the statutory continuing offer" of maximum personal injury no-fault coverage and was tendering additional premiums therefor, and demanding additional sums as benefits for medical bills and loss of income. See *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d

623) (1980).[1] Appellee filed an action for a declaratory judgment, and both parties subsequently moved for summary judgment pursuant to OCGA § 9-11-56 (Code Ann. § 81A-156). The trial court granted Phoenix' motion and denied that of Mrs. Wiard, who brings this appeal. *Held:*

1. The trial court did not err in denying appellant's motion for summary judgment or in granting that of appellee. Appellant's evidence did not demand a finding in her favor as a matter of law. OCGA § 9-11-56 (c) (Code Ann. § 81A-156). In order to establish that the insurer has complied with requirements of OCGA § 33-34-5 (c) (Code Ann. § 56-3404b) by giving the insured "an opportunity to accept or reject, in writing, the optional coverages . . .," only the following showing is demanded of the insurer: (1) that written notice of the optional coverages (2) bearing prepaid first-class postage and (3) directed to the insured at the address stated in the policy (4) was deposited in the United States mail. In the instant case the appellee's submission of the excerpt from his regular business records showing dispatch of the December 1974 and February 1975 notices in the statutorily prescribed manner constitutes evidence, which is uncontradicted in the record, that the statutorily mandated "opportunity" was offered. The language of the statute controls here and renders irrelevant the appellant's affidavit of non-receipt.

As to the court's award of summary judgment to appellee, the same reasoning would demonstrate that appellee was entitled to summary judgment. This is so even in the face of the additional evidentiary burden imposed upon the movant when, as here, he is the defendant below. Appellee's showing of compliance with the statute's requirements, supra, conclusively negates at least one essential element of the plaintiff's case and establishes that there remains no genuine issue of material fact. *Shirley v. Bacon,* 154 Ga. App. 203 (267 SE2d 809) (1980); *Lawrence v. Gardner,* 154 Ga. App. 722 (270 SE2d 9) (1980); *Watkins v. Nationwide Mut. Fire Ins. Co.,* 113 Ga. App. 801 (149 SE2d 749) (1966). Appellee has thus met its burden, and the award of summary judgment was justified.

2. The contractual nature of a no-fault insurance policy

[1] *Jones* was overruled by this court in *Atlanta Casualty Co. v. Flewellen,* 164 Ga. App. 885 (300 SE2d 166) (1982), which had been consolidated with *Van Dyke v. Allstate Ins. Co.* (case no. 64511). The Supreme Court reversed *Flewellen* and affirmed *Van Dyke,* holding that the two signatures in Van Dyke rather than the multiple signatures required by *Jones* were sufficient to fulfill the statutory intent. The result in the instant case is unaffected by this decision, however, since *Flewellen,* like *Jones,* involves subsection (b) of the statute, whereas the case at bar is concerned only with subsection (c). Compare *Nalley v. Select Ins. Co.,* 165 Ga. App. 345 (299 SE2d 172) (1983); *St. Paul Fire &c. Ins. Co. v. Gasaway,* 165 Ga. App. 861 (1983).

"imposes on the claimant the burden of establishing PIP coverage in excess of the basic $5,000. Code Ann. § 56-3403b." *Miller v. Spicer,* 147 Ga. App. 759 (250 SE2d 492) (1978); *Ga. Cas. &c. Co. v. Waters,* 146 Ga. App. 149 (246 SE2d 202) (1978). Appellant, as noted supra, has not discharged this burden.

3. The court notes that, whereas subsection (c) as originally enacted directs that its provisions be followed "on and after [March 1, 1975]," the insurer hastened to comply early by mailing its "Dear Georgia Motorist" notice in February 1975. We hold that such notification, if mailed in advance of, but within reasonable temporal proximity to, the effective date, is in substantial compliance with the statute's intent and letter.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 15, 1983 —
REHEARING DENIED MARCH 29, 1983 — ▮▮▮▮▮▮▮▮

*B. Samuel Engram, Jr.,* for appellant.
*Bryan F. Dorsey,* for appellee.