## 66047. DOSTER v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

Sognier, Judge.

On or about the 31st day of July 1979, appellant was paid $10,000 minimum coverage on his claim under the no fault provision of his automobile insurance policy with appellee. Claiming that he had been injured to a greater extent than this amount, appellant brought suit against appellee seeking the maximum no fault coverage amount. The trial court granted summary judgment in favor of appellee; hence, this appeal.

Prior to suit, on November 23, 1981 appellant tendered to appellee the premium payment for the maximum coverage under the personal injury protection provision of his policy seeking to raise the coverage to $50,000. Appellant contends that he had not been afforded an opportunity to reject the maximum coverage under the rule in *Jones v. State Farm &c. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980), as modified by *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983). *Jones* and *Flewellen* involved an interpretation of the provisions of Ga. Code Ann. § 56-3404b (b) (OCGA § 33-34-5 (b)) pertaining to applications for automobile liability insurance policies. Section 56-3404b (b) is not applicable here because appellant had an existing policy already in force. The notice requirement of § 56-3404b (c) (OCGA § 33-34-5 (c)) is the pertinent statute. It provides: "On and after the effective date of this Amendment, all named insureds *in existing motor vehicle liability policies* who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this Chapter shall be given an opportunity to accept or reject, in writing, the optional coverages required to be offered under this section: Provided, however, that the failure of an insured to notify his insurer of his written acceptance or rejection within 30 days after written notice of the offer has been mailed by the insurer, postage prepaid, by first class mail to the address stated in the policy, shall constitute a rejection of the optional coverage." (Emphasis supplied.) The insurer followed this procedure and the insured failed to respond.

We held in *Wiard v. Phoenix Ins. Co.,* 166 Ga. App. 47 (303 SE2d 161) (1983), that the insurer need show only that it mailed written notice of the offer with postage prepaid to the address stated in the policy. Once the insured fails to notify the insurer of his written acceptance within 30 days, the optional coverage is deemed rejected. This case being controlled by *Wiard,* supra, we affirm the judgment of the trial court.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 6, 1983 —
REHEARING DENIED JULY 20, 1983 — 

*Donald W. Huskins,* for appellant.
*Craig M. Childs, Denmark Groover, Jr.,* for appellee.