## 39876. WIARD v. PHOENIX INSURANCE COMPANY.

GREGORY, Justice.
On October 30, 1974 The Phoenix Insurance Company issued in this state a policy of automobile insurance to Ronald R. Wiard. On October 11, 1975 the named insured's wife, Claire Wiard, was injured in an automobile collision. She was an insured under the terms of the policy. Phoenix claimed the insurance policy afforded only $5,000 coverage without regard to fault per insured injured person, and it paid that amount. Wiard claimed $50,000 coverage. Phoenix filed suit for declaratory relief. Wiard responded and counterclaimed. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of Phoenix and denied Wiard's motion. The Court of Appeals affirmed. *Wiard v. Phoenix Ins. Co.,* 166 Ga. App. 47 (303 SE2d 161) (1983). We granted certiorari and now reverse.

The narrow issue to be decided is whether or not Phoenix gave Wiard an opportunity to accept or reject, in writing, the optional coverage in the amount of $50,000 as required by OCGA § 33-34-5 (c) (Code Ann. § 56-3404b).

The insurance policy in question was in existence prior to March 1, 1975, the effective date of the Georgia Motor Vehicle Reparations Act ("no-fault" automobile insurance). Ga. Laws 1974, p. 113 et seq. In anticipation of the Act becoming effective, Phoenix wrote to its insureds on December 20, 1974. The communication contained, inter alia, a brief explanation of the no-fault law, notice that certain optional coverages were available, and a form entitled "Offer to

Purchase Additional Coverage."[1] The notice explained that the optional coverages could be rejected by using the form, but, unless the law should be amended, a failure to reject would mean the additional coverages would be added to the policy. Wiard did not respond to the letter and asserted that it was never received.

On January 23, 1975 an amendment to the no-fault law was approved by the Governor. Ga. Laws 1975, p. 3 et seq. This case turns on the construction and application of this amendment. It provided that on and after March 1, 1975, the effective date of the no-fault law, all named insureds in existing policies should be given an opportunity to accept or reject, in writing, optional coverages. Failure of an insured to notify the insurer of his acceptance or rejection would constitute a rejection of the optional coverage. In February 1975 Phoenix mailed a second letter to its insureds. This second letter made reference to the first and pointed out that the law had been changed. It stated that the insured's policy provides only the minimum coverage, and should the insured wish to purchase any of the "additional coverages which you do not now have (Collision, Comprehensive, Loss of Use, and Additional Personal Injury Protection), please contact" your agent. (See Exhibit A) The second letter did not contain the "Offer to Purchase Additional Coverage" form which was a part of the first communication. Neither did the second letter describe optional coverages beyond what it characterized as "additional coverages." The Wiards stated in their affidavits the second letter was not received, hence they did not respond.

The original no-fault Act required insureds to utilize forms for application for insurance which contained separate spaces for the insured to indicate acceptance or rejection of each of the optional coverages provided for in the Act. Ga. Laws 1974, p. 113 at p. 118. (OCGA § 33-34-5 (b) (Code Ann. § 56-3404b)). One of the required optional coverages was up to $50,000 for personal injury benefits (PIP) and the other was vehicle damage coverage. In *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), we construed the Act to require an application form to allow for a separate signature of the insured for each of these two coverages. See also, *Jones v. State Farm*, 156 Ga. App. 230 (274 SE2d 623) (1980). However, the original Act failed to take into account policies which would be in existence on the effective date, March 1, 1975. No application would be submitted

---

[1] With regard to personal injury protection the form provided for blocks by which an insured could check and thereby either reject the optional coverage or accept in one of three amounts: $5,000, $20,000, $45,000.

for these policies because they would already be in existence.[2] Yet, the question of optional coverages needed to be addressed for existing as well as new policies. The 1975 amendment dealt with this question. The pertinent part of the amendment is codified at OCGA § 33-34-5 (c) (Code Ann. § 56-3404b) and provides:

"On and after the effective date of this Act, all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this Act shall be given an opportunity to accept or reject, in writing, the optional coverages required to be offered under this Section. Provided, however, that the failure of an insured to notify his insurer of his written acceptance or rejection within 30 days after written notice of the offer has been mailed by the insurer postage prepaid, by first class mail to the address stated in the policy shall constitute a rejection of the optional coverage."

We note that the separate spaces and signature requirements given in subsection (b) are not expressly stated in (c). What is required to constitute "an opportunity to accept or reject, in writing, the optional coverages" is not described in the statute. We now interpret the meaning of that language. We hold that a two part requirement necessarily exists. The opportunity must include a document containing (1) written information clearly stating the optional no-fault PIP coverage and the optional no-fault vehicle damage coverage, and (2) a means for the insured to make a written acceptance or rejection of each. Signatures, though acceptable, are not required. Mere blocks to be checked are sufficient. Fifty thousand dollars ($50,000) or $45,000 in addition to the basic $5,000 optional no-fault PIP coverage, must be offered. Any other amount may also be offered. Optional no-fault vehicle damage coverage must be offered.

We look only to the second letter because the first communication indicated that a failure to respond would result in the inclusion of the optional coverages. It is unlikely that the first communication was retained and available to be read in conjunction with the second. The second letter fails to meet the requirements of an opportunity to accept or reject because it does not state PIP and and property damage coverage offered, and it does not afford a means

---

[2] Because of this omission the Georgia Insurance Commission issued a rule requiring a mailing to existing named insureds giving notice that $50,000 PIP coverage would be provided unless rejected. Rules and Regulations of Georgia Insurance Department. Chapter 120-2-28, pp. 351-354. This probably accounts for the first letter of Phoenix in this case.

for the insured to make a written acceptance or rejection of each.

We reverse the judgment of the Court of Appeals and hold that the trial court erred in granting summary judgment to Phoenix and in failing to grant the motion for summary judgment of Wiard.

*Judgment reversed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED NOVEMBER 29, 1983 — REHEARING DENIED DECEMBER 15, 1983.

*B. Samuel Engram, Jr.,* for appellant.
*Bryan F. Dorsey, Oliver B. Dickens, Jr.,* for appellee.
*James E. Butler, Jr., James A. Goldstein, Thomas S. Carlock, R. Clay Porter, Michael L. Wetzel, John E. James,* amici curiae.

## EXHIBIT A

### Dear Georgia Motorist:

In December, 1974, we mailed information to you concerning the Georgia Motor Vehicle Accident Reparations Act (No-Fault Law) which takes effect March 1, 1975. In that mailing we stated that unless the present law is amended" certain coverages would have to be added to your policy at an addition premium unless you rejected them.

The law was changed by the Georgia Legislature. With this change if you do not accept or reject the coverages in writing within 30 days after our offer of coverages was mailed, your failure to act constitutes your rejection.

You did not respond either to the original mailing or to the follow-up mailing required by

the new law; therefore, your policy provides only the minimum Personal Injury Protection Coverage required, together with the coverages provided before March 1, 1975.

If you do wish to purchase any of the additional coverages which you do not now have (Collision, Comprehensive, Loss of Use and Additional Personal Injury Protection), please contact your  agent.

THANK YOU FOR INSURING IN THE TRAVELERS

**THE TRAVELERS INSURANCE COMPANIES**
Hartford, Connecticut

PL-2315 (Georgia) 2/75.