67341. SOUTHERN GUARANTY INSURANCE COMPANY v. ROWLAND.

BANKE, Judge.

This case is yet another of the many progeny of *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980), and *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983), involving the liability of motor vehicle accident insurers for optional "no-fault" coverage under OCGA § 33-34-5 (former Code Ann. § 56-3404b), as that code section existed prior to the enactment of Ga. L. 1982, p. 1234.

On June 11, 1973, the defendant insurance company issued the plaintiff a policy of automobile liability insurance which remained in effect continuously until it lapsed on December 24, 1981. On January 24, 1981, the plaintiff was involved in an automobile accident from which she suffered lost income and medical expenses in excess of $5,000. Contending that the defendant had failed to obtain from her a written rejection of optional no-fault coverage in accordance with former OCGA § 33-34-5 (b) (Ga. L. 1974, pp. 113, 117), the plaintiff tendered an additional premium for the purchase of an aggregate of $50,000 in no-fault coverage and demanded payment of her additional medical expenses and lost wages. The defendant refused, and the plaintiff filed this suit. This appeal is from an order granting the plaintiff's motion for summary judgment and denying the

defendant's motion for summary judgment. In granting the plaintiff's motion, the trial court ruled as a matter of law that the defendant was liable not only for up to $50,000 in no-fault benefits but also for punitive damages, a bad faith penalty, and attorney fees, with the amount thereof to be determined at trial.

The defendant's primary contention on appeal is that the plaintiff must be deemed to have rejected additional no-fault coverage pursuant to former OCGA § 33-34-5 (c) (Ga. L. 1975, pp. 3, 4), which provides as follows: "On and after March 1, 1975, all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this chapter shall be given an opportunity to accept or reject, in writing, the optional coverages required to be offered under this Code section; provided, however, that the failure of an insured to notify his insurer of his written acceptance or rejection within 30 days after written notice of the offer has been mailed by the insurer, postage prepaid, by first-class mail to the address stated in the policy shall constitute a rejection of the optional coverage."

By affidavit, the defendant's manager of systems and programming testified that during December of 1974, the company mailed each of its policyholders a notice of the availability of certain unspecified optional coverages, accompanied by a form on which acceptance or rejection of the offer could be designated. This form specified the amount and type of each of the optional coverages and contained the following statement, underlined and in capital letters: "IT IS NECESSARY THAT YOU ACCEPT OR REJECT EACH OF THESE ADDITIONAL COVERAGES BY CHECKING THE APPROPRIATE BLOCKS BELOW." The notice, however, stated that the form "must be completed and returned to prevent these coverages from being added automatically effective as of March 1, 1975, and a bill being issued for an additional premium." According to the affidavit, an additional notice was mailed to the appellant's policyholders on January 31, 1975, as follows: "We have not received the no-fault optional coverage offer form G-315 previously mailed to you. Enclosed is another copy of the form. If you wish to purchase any of the coverages at an additional cost, complete, sign, and return to us. Failure to return this form by March 1, 1975, will be considered a rejection of all optional coverages." According to the affidavit, another copy of the original notice, but not the designation form, was provided along with this second notice. The plaintiff denies ever having received any letter from the defendant offering her an opportunity to accept or reject additional coverage. *Held:*

1. This case is controlled by the Supreme Court's recent

decision in *Wiard v. Phoenix Ins. Co.,* 251 Ga. 698 (310 SE2d 221) (1983), overruling this court's decision in *Wiard v. Phoenix Ins. Co.,* 166 Ga. App. 47 (303 SE2d 161) (1983). The insurance company in that case, like the defendant in this case, had sent its policy-holders an initial letter informing them of the general availability of certain optional additional coverages and stating that a failure to respond to the offer would result in the *inclusion* of these optional coverages. The company then sent a second letter which stated that a failure to accept or reject the prior offer of additional coverages in writing within 30 days would be considered a rejection of that offer. The Supreme Court held that the first letter could not be considered a valid notice under the terms of the statute because it indicated that a failure to respond would result in the inclusion of the optional coverages and that the second letter was ineffective to provide an opportunity to accept or reject the optional coverages "because it [did] not state PIP and property damage coverage offered, and it [did] not afford a means for the insured to make a written acceptance or rejection of each." *Id.* at 700.

Since the notices at issue in this case suffer from identical defects, the plaintiff's failure to respond to them cannot be considered a rejection of optional PIP coverage. Thus, we hold that the trial court did not err in denying the defendant's motion for summary judgment and in granting the plaintiff's motion for summary judgment on the general issue of the defendant's liability for additional PIP coverage. However, insofar as the defendant's liability for a bad faith penalty, attorney fees, and punitive damages is concerned, the plaintiff's motion for summary judgment should have been denied and the defendant's motion granted. Since this court in *Wiard* upheld the validity of the very same type of notice which is at issue here, we must conclude as a matter of law that the defendant in this case acted in good faith in refusing to acknowledge liability for additional no-fault benefits. Accord *Government Employees Ins. Co. v. Mooney,* 250 Ga. 760, 763 (3) (300 SE2d 799) (1983).

2. The remaining issues raised by the parties are rendered moot by the foregoing.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 10, 1984 —
REHEARING DENIED JANUARY 25, 1984 —

*Terry A. Dillard, Daniell S. Landers,* for appellant.

*Willis H. Blacknall III, Jack J. Helms,* for appellee.