## 67957. DREXLER v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

SOGNIER, Judge.

Cheryl Drexler sued Georgia Farm Bureau Mutual Insurance Company (Georgia Farm Bureau) seeking to recover additional optional personal injury protection (PIP) benefits under a motor vehicle insurance policy. Mrs. Drexler sustained medical expenses and lost wages in excess of $50,000 following a collision on October 8, 1977 involving the car she was driving and a vehicle driven by an uninsured motorist. Georgia Farm Bureau paid Mrs. Drexler $10,000 PIP benefits under the terms of the policy. She tendered the additional premium to afford optional $50,000 PIP coverage on the ground that she had not been given the requisite opportunity to accept or reject the coverages required under the no-fault statute. Georgia Farm Bureau rejected her tender and she brought the instant action. The trial court granted Georgia Farm Bureau's motion for summary judgment and denied Mrs. Drexler's motion for partial summary judgment. Mrs. Drexler appeals.

The insurance policy in question was originally issued in 1973 on

a 1972 vehicle to appellant's former husband, Ed Drexler, to whom she was married and with whom she resided at all times relevant to the instant action. The policy issuance was prior to the March 1, 1975 effective date of the Georgia Motor Vehicle Accident Reparations Act ("no-fault" Act). Ga. Laws 1974, p. 113 et seq.

In November 1976 appellant informed appellee's local agent that she had purchased a new car; it was in her name; she wanted it fully covered; and she would pay for the insurance. Appellant's husband met with the agent at appellant's request in order to take care of the paperwork. As a result, a change was made in the existing policy effective November 19, 1976, which showed appellant as the named insured and her 1976 automobile as the covered vehicle. The policy number remained the same as that on the policy issued originally to Mr. Drexler.

It is undisputed that appellant never signed an application form in connection with the coverage obtained on her 1976 vehicle and that prior to the October 1977 collision she had never signed, or had mailed to her personally by appellee, any document for the purpose of accepting or rejecting optional PIP coverages. However, the record does show that in November 1974, appellee sent *Mr. Drexler* a letter concerning the no-fault law and a form entitled, "OFFER TO PURCHASE ADDITIONAL OR OPTIONAL COVERAGES," which included the following notice: "IF YOU DO NOT DESIRE TO PURCHASE THESE ADDITIONAL OPTIONAL COVERAGES . . . YOU MUST REJECT THESE COVERAGES IN WRITING IN THE APPROPRIATE SPACE INDICATED BELOW OR, UNLESS THE PRESENT LAW IS AMENDED THE COVERAGES WILL BE ADDED TO YOUR POLICY AS OF MARCH 1, 1975 AND YOU WILL BE BILLED FOR THE ADDITIONAL PREMIUM." Mr. Drexler returned the signed form on December 9, 1974, indicating his acceptance of the $10,000 PIP optional PIP coverage and his rejection of the $25,000 and $50,000 coverages.

Appellant contends that the trial court erred by granting appellee's motion for summary judgment and by denying her motion for partial summary judgment.

1. Appellant first argues that at the time she asked appellee's insurance agent for full coverage on her 1976 automobile, a new policy was at least applied for, if not issued. Thus, it is argued, the holdings of *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983) and *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), apply here.

There is nothing in the record showing that a new policy was issued, and appellant has presented no evidence which would raise a fact question on this issue. It is readily apparent from the policy-related documents in the record that at the time Mrs. Drexler's name

was substituted on the policy, she was charged only the premium differential, due to the substitution of the 1976 vehicle, but was not charged a full premium as she would have been on a new policy. Policy declaration statements sent to appellant after she became the named insured showed the policy number to be the same as that on the policy originally issued to appellant's husband. That appellant authorized her husband to act on her behalf in procuring coverage for her new automobile is undisputed. See *Hutcheson v. May*, 40 Ga. App. 746 (1) (151 SE 657) (1929). Cf. *Miller v. State Farm &c. Ins. Co.*, 155 Ga. App. 487 (2) (271 SE2d 14) (1980). His actions on her behalf resulted in a substitution of her name for his on the existing policy. Cf. *Minton v. Zurich Ins. Co.*, 108 Ga. App. 542 (133 SE2d 425) (1963). If appellant's expectations of being issued a new policy were not met, it was her duty to make herself aware of this fact by examining the documents incidental to her policy that were sent her by appellee and to complain. *Barnes v. Levenstein*, 160 Ga. App. 115, 116 (286 SE2d 345) (1981); *Parris & Son v. Campbell*, 128 Ga. App. 165, 172 (13) (196 SE2d 334) (1973).

Instead of an application for a new policy of motor vehicle insurance, we have here a transaction effecting a continuation of an existing policy with substitutions of a new named insured and a different covered vehicle. Therefore, former OCGA § 33-34-5 (b) (Code Ann. § 56-3404b (b)) (Ga. Laws 1974, pp. 113, 117-118), which had to do with applications for insurance policies, is inapplicable, as are the holdings in *Flewellen* and *Jones*, supra, and appellant's contentions based thereon are without merit. *Doster v. Ga. Farm &c. Ins. Co.*, 167 Ga. App. 527 (307 SE2d 34) (1983), aff'd 252 Ga. 44 (310 SE2d 907) (1984); *St. Paul, Fire &c. Ins. Co. v. Gasaway*, 165 Ga. App. 861 (303 SE2d 75) (1983).

2. Appellant next contends that even if there had not been a new policy issued to her, appellee was required to offer her the optional coverages because she was a named insured, notwithstanding the fact that she became a named insured by the substitution of her name for her husband's on the existing policy. Appellant relies upon former OCGA § 33-34-5 (c) (Code Ann. § 56-3404b (c)) (Ga. Laws 1975, pp. 3, 4) to support her argument.

While the no-fault statute in effect at the time appellant obtained coverage in her own name was silent as to transfers and substitutions on policies, former OCGA § 33-34-5 (Code Ann. § 56-3404b), subsection (d) did address renewals of existing policies, which we believe are comparable transactions, and provided as follows:

"(d) The optional coverage required to be offered under this Code section need not be offered upon the renewal of any policy where the offer has been previously made by the same insurer and has been rejected in accordance with this Code section unless the named

insured requests that coverage in writing." Former OCGA § 33-34-5 (d) (Code Ann. § 56-3404b (d)) (Ga. Laws 1975, pp. 3, 4).

Thus, the insurer was specifically relieved of the obligation to offer the optional coverages when the policy was renewed if the offer had already been made and rejected. Therefore, in the instant case, appellee was not required to make the offer of optional coverages to appellant at the time she was substituted as the named insured, so long as the offer had been previously made to and rejected by the original named insured, appellant's husband, in accordance with the no-fault statute.

3. Appellant next contends that appellee's November 1974 mailing to her husband did not satisfy the statutory requirements of an offer for optional coverages. We agree. Under the Supreme Court's holding in *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, 700 (310 SE2d 221) (1983), the appellee's mailing "could not be considered a valid notice under the terms of the statute because it indicated that a failure to respond would result in the inclusion of the optional coverages . . . ." *Southern Guaranty Ins. Co. v. Rowland*, 169 Ga. App. 554, 556 (1) (313 SE2d 753) (1984). Therefore, appellee's communication did not come within the exception to subsection (d) of former OCGA § 33-34-5 providing that optional coverage need not be offered upon renewal where the offer "has been previously made . . . and has been rejected in accordance with this Code section. . . ." In the absence of a legally sufficient offer to the original named insured prior to the substitution of appellant as named insured, appellant was entitled to receive the offer required to be made in former OCGA § 33-34-5 (c). The evidence being uncontroverted that appellant received no such offer, she was entitled to summary judgment on the issue of appellee's liability for additional optional PIP coverage. *Wiard,* supra. The trial court erred in denying appellant's motion for partial summary judgment and in granting appellee's motion for summary judgment.

*Judgment reversed. Deen, P. J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED JULY 11, 1984 —
REHEARING DENIED JULY 24, 1984 — ■■■■■■■

Terrence J. Paulk, Robert E. Sherrell, for appellant.
J. Harvey Davis, for appellee.