70450. HODGES v. HARTFORD CASUALTY INSURANCE COMPANY.
(335 SE2d 672)

CARLEY, Judge.

Appellant was insured under an automobile policy issued by appellee. The policy, which was issued in 1973, provided for basic personal injury protection (PIP) benefits of $5,000. In 1974, appellant received a document entitled "Georgia No-Fault 'Offer to Purchase Additional Coverage.'" At the top of that document was the following statement: "IMPORTANT: By law we are required to offer the optional coverages shown below. If you do not return this form to your agent indicating your rejection of these coverages they will be added to your policy and an additional premium charged." The document then clearly stated the additional optional no-fault PIP coverages and the additional optional no-fault vehicle damage coverages. A means was provided, through the checking of appropriate boxes, for the insured to make a written acceptance or rejection of each offer of additional coverage. A signature space at the bottom of the form was also provided. With respect to each offer of additional coverage, appellant placed an "X" in the box designated "No I reject." Appellant signed the signature space on the bottom of the form and returned the document to appellee's agent.

In 1980, while appellant's policy of insurance was in effect, appellant was seriously injured in an automobile collision. Appellee paid appellant $5,000 basic PIP benefits. In 1982, pursuant to the rationale of *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274

SE2d 623) (1980) and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), appellant sought an additional $45,000 in optional PIP benefits from appellee. When appellee refused to pay the additional benefits, the instant lawsuit was instituted. Appellee moved for summary judgment in its favor, which motion was granted.

1. Appellant first contends that appellee's offer of optional PIP coverages failed to meet statutory requirements, and that appellant's written rejection of additional coverage was therefore insufficient as a matter of law.

The legal sufficiency of appellee's offer of optional coverages must be determined in light of OCGA § 33-34-5 (c). Prior to its 1982 amendment, that statute required that named insureds who had not previously responded to an offer to accept or reject optional PIP coverages be given an opportunity to accept or reject such coverage in writing. "What is required to constitute 'an opportunity to accept or reject, in writing, the optional coverages' is not described in the statute. . . . We hold that a two part requirement necessarily exists. The opportunity must include a document containing (1) written information clearly stating the optional no-fault PIP coverage and the optional no-fault vehicle damage coverage, and (2) a means for the insured to make a written acceptance or rejection of each. Signatures, though acceptable, are not required. Mere blocks to be checked are sufficient." *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, 700 (310 SE2d 221) (1983). "In the [document appellee] mailed [appellant] the optional coverages are set forth and provision made for selection by checking appropriate blocks. A blank space for the insured's signature is given at the bottom of the selection form. We hold the [document] mailed to [appellant met] the criteria of our decision in *Wiard*, supra." *Stafford v. Allstate Ins. Co.*, 252 Ga. 38, 39 (311 SE2d 437) (1984). See also *Ga. Farm Bureau Mut. Ins. Co. v. Drexler*, 254 Ga. 98 (1) (326 SE2d 741) (1985); *United Svcs. Auto. Assn. v. Ansley*, 254 Ga. 647 (333 SE2d 579) (1985).

Appellant contends that, unlike the offer form in *Drexler*, supra, the document he received failed to comply with a regulation of the Georgia Insurance Commission, because it did not specify the date upon which the higher coverage would become effective unless rejected. However, the regulation upon which appellant seeks to rely is not in the record before us, and we cannot take judicial notice of it. See *McClure v. Hightower*, 237 Ga. 157, 158 (227 SE2d 47) (1976). We find nothing in *Wiard*, supra, or its progeny to indicate that an insurer's failure to include the effective date renders its offering of optional coverages fatally defective.

2. Appellant further contends that a jury question exists as to whether the policy in effect at the time he received appellee's offer of optional coverages was the same policy as that which was in effect at

the time of the collision. Appellant maintains that an inference arises that the latter was not a renewal of the former because the two policies had different numbers. The record contains an uncontroverted sworn statement of appellee's employee that the policy which was in effect at the time of the collision was a renewal of the policy which was originally issued to appellant. Additionally, appellant himself admitted in his deposition that the policy was a renewal. Thus, appellant's contention is utterly without merit.

3. Finally, appellant contends that appellee's offer of optional coverages was unconstitutionally discriminatory because it stated that the additional coverages would be added automatically unless rejected by the insured. OCGA § 33-34-5 (c), which was enacted subsequent to the offer and rejection here in issue, provided prior to its 1982 amendment that an insured's failure timely to notify an insurer of an acceptance or rejection of an offer constituted a rejection of optional coverages.

We first note that the Supreme Court, rather than this court, decides questions of the constitutionality of laws. However, OCGA § 33-34-5 (c) has already been upheld in the face of a constitutional attack. *Stafford v. Allstate Ins. Co.*, supra at 39 (2). Appellant's assertion concerns only an allegedly discriminatory application of the statute. In such circumstances, this court has jurisdiction to determine the issue raised by appellant. See generally *Potts v. State Hwy. Dept.*, 225 Ga. 6 (165 SE2d 726) (1969); *Showcase Cinemas, Inc. v. State*, 156 Ga. App. 225, 228 (1) (274 SE2d 587) (1980).

In the instant case, as in *Drexler*, the insured "did not rely on the inclusionary language of the offer, but instead exercised the opportunity given pursuant to that offer to accept or reject certain coverages. . . . [T]he opportunity provided to [the insured] was sufficient to meet the requirements of OCGA § 33-34-5 (c) as enunciated in *Wiard*[, supra]." *Ga. Farm Bureau Mut. Ins. Co. v. Drexler*, supra, 99. Appellant's contentions that the inclusionary language of the offer created a "coercive atmosphere" which caused him to "rush" his rejection are mere speculation unsupported by the record. Accordingly, the trial court did not err in granting summary judgment in favor of appellee, notwithstanding appellant's constitutional claim.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 17, 1985 —
REHEARING DENIED OCTOBER 2, 1985 —

*H. Joseph Chandler, Jr.*, for appellant.
*N. Forrest Montet, Malcolm P. Smith*, for appellee.