## 42327. WHITE v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
### (336 SE2d 748)

SMITH, Justice.

Appellant, Omie White, sued appellee, Georgia Farm, to recover maximum optional personal injury protection (PIP) benefits under a no-fault insurance policy. We granted certiorari to consider the Court of Appeals' reversal, in an unpublished opinion, of the trial court's denial of the appellee's motion for summary judgment. We reverse.

The appellant's husband purchased an automobile insurance policy from Georgia Farm in 1968. In 1974, Georgia Farm received a completed form that it had sent the appellant's husband, upon which the appellant's husband had rejected optional PIP coverage in excess of the statutory minimum. The form appeared to have been signed by the appellant's husband. The appellant's husband died in December 1975.

The appellant applied to Georgia Farm for an insurance policy to cover a new car in March 1976. Georgia Farm issued a "continuous renewal policy" to the appellant. The policy number on the appellant's husband's policy carried over to the appellant's policy. The continuous renewal policy listed the appellant, not her husband, as the insured, and it listed the new car as the insured vehicle.

In October 1978, the appellant was injured in a car wreck. She sought maximum PIP benefits under *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). When Georgia Farm denied those benefits, she filed this suit.

1. Our first question on certiorari is whether this case is controlled by *Ga. Farm Bureau Mut. Ins. Co. v. Drexler*, 254 Ga. 98 (326 SE2d 741) (1985). In *Drexler, supra*,[1] one spouse acted in concert with the other spouse to change policy coverage from one to the other. Here, the appellant could not have acted in concert with her spouse in changing the policy since her spouse was deceased at the time of the policy change. We hold that an application for a policy by one spouse following the death of the other spouse constitutes an application for a new policy, notwithstanding an identical policy number. As such, OCGA § 33-34-5 (b) applied to the policy, and Georgia Farm should have presented the appellant with the opportunity to choose additional PIP coverage. The appellant's claim for maximum PIP

---

[1] As well as in *Cotton States Mut. Ins. Co. v. Lashley*, 255 Ga. 71 (335 SE2d 855) (1985).

benefits should thus have been honored. *Flewellen*, supra.

2. We need not reach the appellant's remaining enumerations of error.

*Judgment reversed. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent.*

GREGORY, Justice, concurring.

I agree with the majority opinion and write to point out why I find *Ga. Farm Bureau Mut. Ins. Co. v. Drexler*, 254 Ga. 98 (326 SE2d 741) (1985) and *Cotton States Mut. Ins. Co. v. Lashley*, 255 Ga. 71 (335 SE2d 855) (1985) distinguishable.

The general rule of contracts is that death discharges a contractual duty if the contract is personal. Corbin on Contracts, Ch. 75, p. 374. This general rule applies to automobile liability insurance. "In the absence of a contrary provision, an automobile liability or indemnity policy terminates with the death of the insured." Couch on Insurance 2d, § 39:243 and § 45:271. If the policy in question had a contrary provision we do not know because the policy is not a part of the record. Therefore, I assume there is no contrary policy provision.

When the husband died in 1975 the policy terminated. When the widow applied for insurance on a new automobile in 1976 the document issued was necessarily a new policy even though it was identified by the same policy number as was her deceased husband's policy. A new policy means the requirements of OCGA § 33-34-5 (b) apply.

In *Drexler* and *Lashley* there was no death of the insured to terminate the policy. Instead, both opinions[1] reflect there was an agreement among the husband, the wife and the insurer to continue the policy in force, substituting the wife as the new named insured. This substitution did not create a new policy.

DECIDED NOVEMBER 20, 1985 —
RECONSIDERATION DENIED DECEMBER 19, 1985.

*Sutton & Reddick, Berrien L. Sutton,* for appellant.
*Dillard & Landers, Bryant H. Bower, Jr., Terry A. Dillard,* for appellee.

---

[1] See *Drexler v. Ga. Farm Bureau Mut. Ins. Co.*, 171 Ga. App. 718 (320 SE2d 854) (1984).