73100. JONES v. GEORGIA CASUALTY & SURETY COMPANY.
73101. ROGERS v. GEORGIA CASUALTY & SURETY COMPANY.
(356 SE2d 225)

McMURRAY, Presiding Judge.

Eliza Jones (plaintiff Jones) and Maggie Rogers (plaintiff Rogers) were injured in an automobile collision on December 6, 1978. Plaintiff Jones was the owner and operator of the vehicle and plaintiff Rogers was a passenger in the vehicle. At the time of the collision, plaintiffs were insured under an automobile insurance policy issued to plaintiff Jones by Georgia Casualty and Surety Company (Georgia Casualty). The policy included basic personal injury protection (PIP) coverage with an aggregate limit of $5,000 per person. (This coverage was selected by plaintiff Jones on a one-page supplemental application form

entitled: "Georgia 'No Fault'" and dated "12-9-74.") Georgia Casualty paid plaintiffs' personal injury claims up to the limits provided in the insurance policy. Plaintiffs demanded an additional $45,000 in optional PIP coverage pursuant to the rationale of *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623), and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673). Georgia Casualty refused to pay the additional amounts demanded and plaintiffs filed separate lawsuits seeking recovery of same. The trial court granted summary judgment in favor of Georgia Casualty in both actions and plaintiffs now appeal separately. *Held*:

1. In symmetrical enumerations of errors and briefs, plaintiffs contend that Georgia Casualty's offer of optional coverages failed to meet the statutory requirements of OCGA § 33-34-5, and that plaintiff Jones' written rejection of the additional PIP coverage was therefore insufficient as a matter of law.

It is undisputed that plaintiff Jones' insurance policy was in effect prior to March 1, 1975. Consequently, "[t]he legal sufficiency of [Georgia Casualty's] offer of optional coverages must be determined in light of OCGA § 33-34-5 (c). Prior to its 1982 amendment, that statute required that named insureds who had not previously responded to an offer to accept or reject optional PIP coverages be given an opportunity to accept or reject such coverage in writing. 'What is required to constitute an opportunity to accept or reject, in writing, the optional coverages: is not described in the statute . . . We hold that a two-part requirement necessarily exists. The opportunity must include a document containing (1) written information clearly stating the optional no-fault PIP coverage and the optional no-fault vehicle damage coverage, and (2) a means for the insured to make a written acceptance or rejection of each. Signatures, though acceptable, are not required. Mere blocks to be checked are sufficient.' *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, 700 (310 SE2d 221) (1983)." *Hodges v. Hartford Cas. Ins. Co.*, 176 Ga. App. 284, 285 (1) (335 SE2d 672).

In the cases sub judice, the supplemental application form executed by plaintiff Jones sets forth the optional coverages and provision is made for the selection of the optional coverages by checking appropriate blocks. As a preface to the selection of the optional coverages, the form provides: "Under the new Georgia 'No Fault' and other laws you have the option of choosing coverages you desire. The law requires that your insurance company offer you these coverages and that you select the ones you want. Please complete each section and return promptly." At the bottom of the form, there is an acknowledgment of the applicant which provides as follows: "I accept options checked above and reject all not checked. I understand any changes will be effective March 1, 1975." Below the acknowledgment is a sig-

nature space, which plaintiff Jones signed. (See Appendix I).

We find the application provided by Georgia Casualty and executed by plaintiff Jones sufficient to satisfy the two-part requirement set out in *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, supra. See *Hodges v. Hartford Cas. Ins. Co.*, 176 Ga. App. 284, 285 (1), supra, and cits.

2. Alternatively, plaintiffs contend that they are entitled to maximum PIP benefits because plaintiff Jones accepted a post-accident offer by Georgia Casualty for maximum PIP benefits. Georgia Casualty denies offering retroactively the optional benefits.

Although there is evidence that Georgia Casualty offered plaintiff Jones the opportunity to increase her optional coverages after the accident, we find nothing in the record to indicate that Georgia Casualty offered plaintiff Jones an opportunity to retroactively "accept or reject" the optional coverages required to be offered in OCGA § 33-34-5. Consequently, since plaintiff Jones effectively rejected the maximum optional coverages in the application dated "12-9-74," the trial court did not err in granting summary judgment in favor of Georgia Casualty.

*Judgments affirmed. Carley and Pope, JJ., concur.*

## GEORGIA "NO FAULT"

Under the new Georgia "No Fault" and other laws you have the option of choosing coverages you desire. The law requires that your insurance company offer you these coverages and that you select the ones you want. Please complete each section and return promptly.

### PERSONAL INJURY PROTECTION ("NO FAULT")
You must choose one of the following:

Aggregate Limit: ☑ $5,000 ☐ $10,000 ☐ $25,000 ☐ $50,000

Note: $5,000 Personal Injury Protection is included in the limit you select.

### UNINSURED MOTORISTS COVERAGE
You may choose or reject this coverage.

I want the following limits:

☑ $10,000/$20,000 Bodily Injury; $5,000 Property Damage Limit

☐ $25,000/$50,000 Bodily Injury; $10,000 Property Damage Limit

☐ Same limits as policy liability limits·

☐ I do not desire Uninsured Motorists Coverage

### PHYSICAL DAMAGE (Comprehensive, Collision & Loss of Use)
You may choose or reject this coverage.

☑ I do not desire Physical Damage

☐ Physical Damage as presently carried

☐ Physical Damage as marked below:

| COMPREHENSIVE | COLLISION | LOSS OF USE |
|---|---|---|
| ☐ Full Coverage | ☐ Full Coverage | ☐ Desired |
| ☐ $50. Deductible | ☐ $50. Deductible | ☐ Not Desired |
| ☐ $100. Deductible | ☐ $100. Deductible | |

Note: Comprehensive cannot be issued for logging, pulpwood and lumbering trucks.

☐ If other – indicate desired deductible _____

Statement of Applicant:
I accept options checked above and reject all not checked. I understand any changes will be effective March 1, 1975.

Date _12-9-74_ Signature of Applicant _____

Name of Agent _D J Martin Ins. Agency_

PERMANENT FILE

GEORGIA CASUALTY & SURETY COMPANY
P. O. BOX 1002
ATLANTA, GEORGIA 30301 EXHIBIT "A"

APPENDIX I

DECIDED MARCH 17, 1987 —
REHEARING DENIED APRIL 1, 1987 — 

*Richard Phillips*, for appellants.
*Stephen M. Worrall, Gary L. Seacrest*, for appellee.