69012. SOLOMON v. INTERNATIONAL INDEMNITY
COMPANY.
(323 SE2d 249)

DEEN, Presiding Judge.

In September 1979 appellee International Indemnity Co. issued to appellant and his wife an automobile insurance policy providing $5,000 in basic Personal Injury Protection (PIP) coverage. It is undisputed that the application form contained only one signature line. Appellee alleges that within thirty days of issuance of the policy, it mailed to appellant a letter offering optional coverages in addition to the basic $5,000 and instructing him to send a check in a specified amount for additional coverages desired. Appellant denies receiving any such letter and further alleges that the form letter used by appellee does not meet the legal requirements for supplemental offers of PIP coverages.

In January 1980 appellant was injured in an automobile accident. In April 1983 he informed appellee by letter that he was electing to accept the maximum additional optional coverage available under the policy and that he was tendering therewith the premium for such maximum coverage. He also submitted with the letter a list of his medical bills for injuries resulting from the 1980 accident, totaling approximately $50,000. When the appellee insurer declined to pay the benefits claimed, appellant filed an action in the Houston County Superior Court seeking to recover maximum PIP benefits, the statutory penalty for bad faith, punitive damages, and attorney fees. The parties filed cross-motions for summary judgment, and the court granted appellee's motion and denied that of appellant. On appeal, Solomon enumerates as error the trial court's denial of his motion for summary judgment and the award of summary judgment to appellee. *Held*:

A thorough scrutiny of the record reveals that the facts in this case bring it within the parameters of *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185 (317 SE2d 816) (1984). *Enfinger* held that subsection (c)

of OCGA § 33-34-5 applies only to policies in existence before March 1, 1975, and that the subsection therefore does not operate as a curative mechanism for post-March 1, 1975, application forms which are legally deficient. See *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983); *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984).

*Enfinger* cited the holding in *Flewellen v. Atlanta Cas. Co.*, supra, to the effect that, "absent a signed rejection of the optional coverages by the insured, . . . a policy of insurance *issued after the effective date of the statute* [March 1, 1975] provides for $50,000 PIP benefits." *Enfinger* reiterated the import of *Flewellen* by holding expressly that "this section [(c)] was intended to apply to policies in existence on March 1, 1975, and not those which came into existence after that date." Accord *Stafford v. Allstate Ins. Co.*, 252 Ga. 38 (311 SE2d 437) (1984).

In the light of the uncontroverted facts of the instant case and of the Supreme Court's clear direction in *Enfinger*, supra, we hold that as a matter of law appellant was entitled to summary judgment below and that appellee was not so entitled.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 5, 1984 —
REHEARING DENIED OCTOBER 16, 1984 ■

*Lonzy F. Edwards*, for appellant.
*J. Loren Fowler, Wallace Miller III*, for appellee.