## 69010. ROSSER v. INTERNATIONAL INDEMNITY COMPANY.
### (326 SE2d 542)

CARLEY, Judge.

On November 1, 1978, Luther Rosser applied for a motor vehicle liability insurance policy with appellee-defendant International Indemnity Co. The policy purported to provide personal injury protection coverage in the minimum required amount of $5,000. Almost five months later, Rosser was injured in a vehicular collision. Rosser subsequently filed a complaint against appellee seeking retroactive optional personal injury protection benefits on the ground that appellee had not offered him the opportunity to accept or reject coverage for those benefits as required by former OCGA § 33-34-5 (b). Rosser also sought statutory penalties for bad faith, punitive damages, and attorney fees. Appellee answered, alleging that within thirty days of issuance of the policy, it had mailed to Luther Rosser a letter offering additional personal injury protection coverage in compliance with former OCGA § 33-34-5 (c). Appellee further asserted that no response to the letter had been received from Luther Rosser, and that, therefore, he should be deemed to have rejected further optional coverage. The parties filed cross-motions for summary judgment as to the existence of optional PIP coverage under the policy, and the trial court granted appellee's motion and denied that of Luther Rosser. Shortly thereafter, a suggestion of death was filed, naming Leo Rosser as the administrator of the estate of Luther Rosser. Accordingly, Leo Rosser was substituted as party plaintiff. Appellant-plaintiff appeals, enumerating as error the trial court's denial of his motion for summary judgment and the award of summary judgment to appellee.

This case is directly controlled by *Enfinger v. Intl. Indem. Co.,* 253 Ga. 185 (317 SE2d 816) (1984). *Enfinger* held that subsection (c) of former OCGA § 33-34-5 applies only "to policies in existence on March 1, 1975 and not those which came into existence after that date." See also *Wiard v. Phoenix Ins. Co.,* 251 Ga. 698 (310 SE2d 221) (1983).

Therefore, appellee's compliance with former OCGA § 33-34-5 (c) does not operate as a curative mechanism for the legally insufficient application form, since the policy at issue came into existence after March 1, 1975. Accordingly, we hold that the trial court erred in granting summary judgment to appellee and in denying appellant's motion for summary judgment as to the existence of optional PIP coverage under the policy. *Solomon v. Intl. Indem. Co.,* 172 Ga. App. 395 (323 SE2d 249) (1984).

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 25, 1985.

*E. Graydon Shuford, Robert F. Webb, George P. Graves,* for appellant.

*J. Loren Fowler,* for appellee.