## 66150. HAWKINS v. TRAVELERS INSURANCE COMPANY.

DEEN, Presiding Judge.

The facts in this case are set forth in *Hawkins v. Travelers Ins. Co.,* 162 Ga. App. 231 (290 SE2d 348) (1982). After the remittitur was returned to the trial court, Hawkins amended her complaint to add a third count based upon *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980), claiming that she now accepted the statutory continuing offer as set forth in *Jones* to purchase the maximum optional no-fault insurance coverage. Travelers' motion for summary judgment was granted and Mrs. Hawkins appeals. *Held:*

All the evidence in this case indicated that Hawkins was insured under an existing policy with Travelers on December 20, 1974, when the company sent a letter to its policyholders pursuant to the amendments to the no-fault law and offered them additional optional coverage. The affidavit of Richard Spiller, Manager for Personal Lines Underwriting, and the accompanying registration form, indicate that the offer of additional optional coverages of $5,000, $20,000 or $45,000 was made to Hawkins and that $20,000 in additional coverage was selected. The new coverage went into effect on March 1, 1975, the effective date of the amendments. Appellant admits she had a total of $25,000 in no-fault coverage at the time of the accident and that the insurance company paid her benefits in accordance with this coverage.

Appellant's reliance upon *Jones,* supra, is misplaced, and the subsequent cases of *Flewellen v. Atlanta Cas. Co.* and *Van Dyke v. Allstate Ins. Co.,* 250 Ga. 709 (300 SE2d 673) (1983) are also inapplicable. All of these cases involve new applications for insurance coverage and were decided under OCGA § 33-34-5 (b) (Code Ann. § 56-3404b). See *Wiard v. Phoenix Ins. Co.,* 166 Ga. App. 47 (303 SE2d 161) (1983). OCGA § 33-34-5 (c) (Code Ann. § 56-3404b) applies to existing motor vehicle policies and requires "all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this chapter shall be given an opportunity to accept or reject, in writing, the optional coverages required to be offered under this Code section; provided, however, that the failure of

an insured to notify his insurer of his written acceptance or rejection within 30 days after written notice of the offer has been mailed by the insurer, postage prepaid, by first class mail to the address stated in the policy shall constitute a rejection of the optional coverage." Here, the evidence is undisputed that the company made the offer as required by law and that Hawkins accepted an additional $20,000 in coverage. Accordingly, we find that the trial court did not err in its ruling on Travelers' motion for summary judgment.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED APRIL 27, 1983 —
REHEARING DENIED MAY 13, 1983 — 

*Sammy J. Hawkins,* for appellant.
*Alan F. Herman, Sally Dillard Hauptfuhrer,* for appellee.