67456. KING et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

QUILLIAN, Presiding Judge.
Plaintiff-appellees King, surviving husband and minor children of a deceased killed in a motor vehicle accident, appeal the grant of summary judgment to defendant-appellee insurance company (State Farm) in an action to recover maximum personal injury protection (PIP) coverage on a no-fault auto insurance policy.

Appellant King had an auto insurance policy with State Farm in 1974. In November 1974, before the effective date of the no-fault insurance statute (Georgia Motor Vehicle Accident Reparations Act, OCGA § 33-34-1, et seq. (Code Ann. § 56-3401b), effective March 1, 1975), King responded to a form received by mail from State Farm concerning PIP coverages. In addition to the mandated $5,000 basic PIP, additional optional PIP coverages were set forth of $10,000, $25,000 and $50,000, with instruction to place an X in the block under any additional coverage desired. King placed an X under coverage P3, $25,000, and dated and signed the form in places indicated under a statement which acknowledged that acceptance of any optional PIP coverage constituted rejection of all other optional PIP coverages. Thereafter, King continued his policy with the same PIP coverage until the accident which resulted in the death of his wife in February 1980. After the wife's death, King attempted to accept the $50,000 maximum PIP coverage but State Farm rejected the coverage and the tendered premium. Whereupon King brought this action. *Held:*

Appellants assert that *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) and *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673), which interpreted OCGA § 33-34-5 (b) (Code Ann. § 56-3404b), are applicable to them in that appellee's continuing offer of the maximum PIP coverage had not been rejected in writing by King because the form he signed in November 1974 did not meet the requirements of these decisions.

The instant case is distinguishable from *Jones* and *Flewellen* because the insured had an existing policy with appellee when the election of PIP coverage was made. This case thus does not fall under subsection (b), but under subsection (c) of OCGA § 33-34-5 (Code Ann. § 56-3404b), which "only requires that the insured be given the opportunity to accept or reject in writing the optional coverages." *Nalley v. Select Ins. Co.,* 165 Ga. App. 345, 347 (299 SE2d 172), cert. dismissed.

"Appellant's reliance upon *Jones,* supra, is misplaced, and the subsequent cases of *Flewellen* . . . and *Van Dyke v. Allstate Ins. Co.,* 250 Ga. 709 . . . are also inapplicable. All of these cases involve new applications for insurance coverage and were decided under OCGA § 33-34-5 (b) . . . OCGA § 33-34-5 (c) (Code Ann. § 56-3404b) applies to existing motor vehicle policies . . ." *Hawkins v. Travelers Ins. Co.,* 166 Ga. App. 619 (305 SE2d 138), cert. denied.

"We note that the separate spaces and signature requirements given in [OCGA § 33-34-5 (Code Ann. § 56-3404b)] subsection (b) are not expressly stated in (c). What is required to constitute 'an opportunity to accept or reject, in writing, the optional coverages' is not described in the statute. We now interpret the meaning of that language. We hold that a two-part requirement necessarily exists. The opportunity must include a document containing (1) written information clearly stating the optional no-fault PIP coverage and the optional no-fault vehicle damage coverage, and (2) a means for the insured to make a written acceptance or rejection of each. Signatures, though acceptable, are not required. Mere blocks to be checked are sufficient. Fifty thousand dollars . . . or $45,000 in addition to to the basic $5,000 optional no-fault PIP coverage, must be offered. Any other amount may also be offered. Optional no-fault vehicle damage coverage must be offered." *Wiard v. Phoenix Ins. Co.,* 251 Ga. 698, 700 (310 SE2d 221).

As the undisputed evidence in the instant case shows that appellant King accepted a PIP coverage of $25,000 by putting an X in a block and rejected all other coverages by signing his name, the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 31, 1984.

*Delman L. Minchew, Rudolph J. Chambless,* for appellants.
*Luhr G. C. Beckmann, Jr., Andrew J. Hill III, Terry A. Dillard,* for appellee.