*F. Marion Cummings*, for appellee.

69041. TRAVELERS INDEMNITY COMPANY et al. v. THOMAS.
69045. PHOENIX INSURANCE COMPANY v. THOMAS.
(324 SE2d 735)

Deen, Presiding Judge.

The two cases appealed here involve the same parties and arise out of the same transaction or series of transactions. Appellant Travelers Indemnity Co. (Travelers), as a holding company of which appellant Phoenix Insurance Co. (Phoenix) is a subsidiary, filed an action (case no. 69041) seeking a declaratory judgment establishing the rights of the parties with respect to benefits due appellee Mrs. Pearl Thomas, widow of Phoenix' insured who died as a result of an automobile accident; appellee Thomas brought an action (case no. 69045) against Phoenix, seeking payment of maximum Personal Injury Protection (PIP) benefits pursuant to *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980); and appellant Phoenix was added to the former action (case no. 69041) as a party plaintiff upon motion of Travelers. The two cases were treated as one in the trial court, and we consider them together on appeal.

The late Rev. Daniel Thomas and his wife, appellee here, first obtained automobile insurance with Phoenix in 1969, or prior to enactment of Georgia's No-Fault Insurance law, OCGA § 33-34-1 et seq. The policy was renewed every six months. At all times the PIP coverage was $5,000, the basic or minimum amount available. On December 30, 1974, in response to a mailing from appellants, Rev. or Mrs. Thomas apparently executed a form indicating that they wished to reject the higher coverages offered and accept the basic $5,000. Although the election form bore Rev. Thomas' name on the single signature line, there is some dispute as to whether it was actually signed by him or by his wife, or even by a third person. The form bears the notation, written in yet another hand (presumably that of an employee of the insurance agent), "Only wants basic PIP coverage."

On March 11, 1982, four days before the policy was due for renewal, Thomas was injured in an automobile accident and died seven days later. In the meanwhile, on or about March 5, 1982, Travelers/Phoenix' home office in Hartford, Conn., prepared a mailing to all its automobile insurance policyholders offering the opportunity to update existing coverage by indicating acceptance or rejection of various optional coverages, including higher PIP coverages. This form had separate boxes to be checked for each coverage and contained two signature lines. The mailing took place on or about March 10, 1982, one day before Thomas' fatal accident. Mrs. Pearl Thomas denied

that such a mailing was ever received and further denied that she had ever heard of optional no-fault coverages; the record, however, contains a form of the sort mailed on the above date which was taken from the insurance agent's files and on which there appear checked boxes indicating rejection of all optional PIP coverages and acceptance of the basic $5,000. This form is dated March 15, 1982 (that is, during the time of Thomas' hospitalization and three days before his death), and bears a signature purporting to be that of the Rev. Mr. Thomas. The form also contains a space for the insured to indicate the effective date of any optional coverages he may have elected; this space was left blank on this particular form.

On April 14, 1982, Mrs. Thomas' attorney notified appellant Phoenix by letter that Rev. Thomas was electing the maximum PIP coverage under authority of *Jones v. State Farm*, supra, and its progeny, and was formally tendering the premiums for such coverage. When Phoenix declined to accept the tender or to pay the sums demanded, the actions noted above were instituted. Both parties moved for summary judgment, and the trial court initially denied both motions. Upon appellee's renewal of her motion, however, the court reconsidered the evidence, granted summary judgment in favor of appellee Thomas, and dismissed appellants' motion for summary judgment. Appellants enumerate as error the following: (1), (2), (3), the trial court's holding as a matter of law that the March 15, 1982, rejection applied only prospectively and did not apply to a policy expiring on that date, and that the signature was unauthorized and therefore ineffective; (4) the trial court's finding as a matter of fact that the Rev. Mr. Thomas was unconscious from March 12, 1982, until the date of his death on March 18, 1982; (5) the trial court's alleged abuse of discretion in allowing appellee to renew her motion for summary judgment on allegedly identical record and legal grounds; and (6) the court's granting summary judgment to appellee and dismissing appellants' motion for a declaratory judgment. *Held*:

1. Evidence was adduced in the court below that the original application form allegedly executed by Rev. Thomas in 1969 was systematically destroyed, along with similar old records, when Phoenix/Travelers removed its place of business prior to 1982. An authorized official of appellants testified that the information contained on such original documents was routinely, in the ordinary course of business, transcribed in a permanent "History Journal" at a time almost simultaneous with the generation of such documents; that the originals thereby became merely duplicates of the entries in the History Journal; that they were therefore considered expendable and were done away with when the files were purged from time to time.

Mrs. Thomas contends that neither she nor her husband ever executed a written application prior to issuance of the original policy.

Mrs. Thomas further contends that both the December 30, 1974, and the March 15, 1982, forms were signed by someone other than either herself or her husband. There was testimony by personnel at the insurance agency, however, that Mrs. Thomas brought the latter form to the agent's office some days after March 15, as well as testimony by a handwriting expert that the signature on the March 15, 1982, form bore no close resemblance to undisputed examples of Rev. Thomas' handwriting but was similar in several significant respects to undisputed examples of Mrs. Thomas' handwriting. Appellants contend that the 1982 form was signed by either Mrs. Thomas or her late husband and therefore is a valid election having retrospective as well as prospective effect.

Our scrutiny of the records of these cases reveals that the dispositive issues concern the supplemental application form of December 30, 1974, rather than that of March 15, 1982. Even assuming arguendo that the latter form was validly executed, we would not be authorized to hold that it applied to an injury which occurred both before the expiration date of an existing policy and before the date on which the supplemental form was purportedly executed. Therefore, the validity *vel non* of the 1982 form is not an issue which must be considered by the court, and appellants' first four enumerations are without merit.

2. Contrary to appellants' contention, the trial court may in its discretion consider a renewed motion for summary judgment even when there has been no expansion of the record. *Southeastern Metal Prods. v. Horger*, 166 Ga. App. 205 (303 SE2d 536) (1983). Appellants' fifth enumeration is therefore without merit.

3. OCGA § 9-11-56 (c) authorizes summary judgment only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See, e.g., *Sands v. Lamar Properties*, 159 Ga. App. 718 (285 SE2d 24) (1981). The burden is on the movant to establish by uncontradicted evidence every element necessary to the granting of the motion, *Berrien v. Avco Fin. Svcs.*, 123 Ga. App. 862 (182 SE2d 708) (1971); and the evidence must be construed in favor of the party opposing the motion. *Mixon v. Ga. Bank & Trust Co.*, 154 Ga. App. 32 (267 SE2d 483) (1980).

Our examination of the records of the cases sub judice reveals that the December 30, 1974 communication met the requirements of OCGA § 33-34-5, as interpreted by the Supreme Court in *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, 700 (310 SE2d 221) (1983): the supplemental form "must include a document containing (1) written information clearly stating the optional no-fault PIP coverage and the optional no-fault vehicle damage coverage, and (2) a means for the insured to make a written acceptance or rejection of each. Signatures

. . . are not required. Mere blocks to be checked are sufficient. Fifty thousand dollars ($50,000) or $45,000 in addition to the basic $5,000 optional no-fault PIP coverage, must be offered. Any other amount may also be offered. Optional no-fault vehicle damage coverage must be offered."

The December 1974 letter stated that under the provisions of the statute as it then existed, failure to respond would be tantamount to an election of maximum PIP coverage. In *Wiard*, supra, it was undisputed that the insureds did not respond to the letter. The dispute, in fact, was over whether the letter was received, and the latter point was moot in that case because *per se* the failure to respond, for whatever reason, gave the Wiards maximum PIP coverage. In the instant case, in contrast, the insurer's files contained a written response, purportedly executed by the Thomases, to the December 1974 letter — which, incidentally, is exactly the same mailing as that purportedly sent to the Wiards. Mrs. Thomas, on the other hand, contends that the mailing was neither received nor responded to.

Thus there exists a genuine issue concerning whether or not the Thomases' purported election of December 30, 1974 was a valid election. If so, appellee has only basic PIP coverage; if not, the document endowed the Thomases with maximum coverage which, as noted in Division 1, supra, is unaffected by the December 15, 1982 document. The evidence adduced by the parties on this issue is in sharp conflict. The presence of such disputed issues precludes summary adjudication, and the trial court erred in granting summary judgment. These cases must be remanded for trial.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 13, 1984 —
REHEARING DENIED DECEMBER 3, 1984.

*Bryan F. Dorsey*, for appellants.
*Kenneth M. Henson, Jr., Millard D. Fuller*, for appellee.