68688, 68723. UNITED SERVICES AUTOMOBILE
ASSOCIATION v. ANSLEY et al.; and vice versa.
(325 SE2d 777)

Pope, Judge.

This case is another of many spawned by *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623) (1980), and *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983). In 1972 appellant United Services Automobile Association issued a family automobile insurance policy to appellee Frederick Ansley. On December 17, 1975 his wife, Cheryl, and his son, Ricky, were involved in an automobile collision. As a result both sustained serious injuries and incurred medical expenses. Cheryl Ansley's injuries were fatal, causing her death on the date of the collision. Appellant made basic no-fault insurance payments to appellee. On December 8, 1981 appellee attempted to accept the maximum optional coverage by tendering the difference between the pertinent premiums. Appellant rejected appellee's offer and appellee subsequently filed suit seeking to recover the maximum optional benefits as provided by the Georgia Motor Vehicle Accident Reparations Act, OCGA § 33-34-5. Additionally, appellee sought imposition of a bad faith penalty, attorney fees and punitive damages. The trial court granted appellee's motion for summary judgment on the issue of appellant's liability for payment of maximum optional coverage. Appellant appeals from this judgment in Case No. 68688. The trial court also found that appellant did not act in bad faith in refusing to pay appellee's claim for maximum optional benefits and denied appellee's request for bad faith penalties. This forms the basis for appellee's cross-appeal in Case No. 68723.

1. Appellant cites as error the trial court's grant of appellee's motion for summary judgment on the issue of liability. In support appellant asserts that appellee effectively rejected all coverage for maximum optional no-fault benefits in early January 1975. We disagree and affirm.

The record reveals that appellee had been insured by appellant under a family automobile insurance policy since 1972. Appellee was therefore insured under a policy existing on March 1, 1975. Thus, OCGA § 33-34-5 (c) applies. See *Stafford v. Allstate Ins. Co.,* 252 Ga. 38 (3) (311 SE2d 437) (1984). At all times relevant to this appeal, the statute provided: "On and after the effective date of this Amendment, all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this Chapter shall be given

an opportunity to accept or reject, in writing, the optional coverages required to be offered under this section: Provided, however, that the failure of an insured to notify his insurer of his written acceptance or rejection within 30 days after written notice of the offer has been mailed by the insurer, postage prepaid, by first class mail to the address stated in the policy, shall constitute a rejection of the optional coverage."

In December 1974 appellant mailed to its Georgia insureds a fold-out flyer to inform the insureds of impending changes in automobile insurance coverage through implementation of Georgia's "no-fault" insurance law. For two reasons, we find the December 1974 application form to be insufficient and consequently hold that appellee's early 1975 response wherein he checked a box which purported to reject all options was null and void. First, the multi-page document stated on all of the pages that a failure to reject or respond would automatically add the optional coverages to the existing policy of the insured. In a similar situation the Supreme Court in *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, 700 (310 SE2d 221) (1983), stated: "We look only to the second letter [here mailed by appellant in late January or early February 1975] because the first communication indicated that a failure to respond would result in the inclusion of the optional coverages."

Next, even assuming that appellee's response to the first communication necessitates an examination of the application form, we find it to be deficient and not in substantial compliance with the statute as explained in *Wiard v. Phoenix Ins. Co.*, supra. We look to the language of the pertinent statute, OCGA § 33-34-5 (c), which states that the insured "shall be given an opportunity to accept or reject, in writing, the optional coverages." The Supreme Court in *Wiard v. Phoenix Ins. Co.* interpreted that language to necessitate a two-part requirement. "The opportunity must include a document containing (1) written information *clearly stating* the optional no-fault PIP coverage and the optional no-fault vehicle damage coverage, and (2) a means for the insured to make a written acceptance or rejection of each. Signatures, though acceptable, are not required. Mere blocks to be checked are sufficient. Fifty thousand dollars ($50,000) or $45,000 in addition to the basic $5,000 optional no-fault PIP coverage, must be offered. Any other amount may also be offered. Optional no-fault vehicle damage coverage must be offered." (Emphasis supplied.) Id. at 700. The first mailing consisted of several pages, two of which are pertinent here. On the lower half of one page, two charts are presented. Into these charts is compacted a list of nine available coverages, the basic PIP and eight other types, along with benefit limits and premiums for each. Each is headed by a letter of the alphabet (B-J). On a separate page, the actual application is placed and first provides that

the insured should check this box ☐W if he wishes to reject all options. An alternative was provided in instruction 2 wherein the insured was told to indicate (on the form reproduced below) the options desired.

| SEC. 2 | CURRENT COVERAGES AFFECTED BY NO-FAULT OPTIONS | | | | | | |
|---|---|---|---|---|---|---|---|
| V E H I C L E | BODILY INJURY LIABILITY IF LIMITS APPEAR BELOW, PIP WILL BE ADDED TO YOUR POLICY. (IN THOUSANDS) | | | | COMPREHENSIVE (Excluding Collision) Code or FT—Fire & Theft FC—Full Compro. FM—Fire, Theft & 50D—$50 Ded. Comb. Add'l. 100D–$100 Ded Cov | | COLLISION |
| | PER PERSON | | PER OCCURRENCE | | | | ACV LESS DEDUCTIBLE |
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |

| SEC. 3 | | | | |
|---|---|---|---|---|
| V E H I C L E | APIP OPTION SEE FOLDER ENCLOSED FOR EXPLANATION OF COVERAGE AND ENTER OPTION DESIRED (MUST BE SAME FOR ALL VEHICLES) | LOSS OF USE COVERAGE* IF THIS COVERAGE IS DESIRED, ENTER "YES" (CANNOT BE WRITTEN UNLESS YOU CARRY COMPREHENSIVE TOO) | COMPREHENSIVE 1. IF YOU WANT TO CONTINUE YOUR PRESENT COMPREHENSIVE AND COLLISION AS WRITTEN (NO CHANGES) — LEAVE BLANK 2. IF YOU WANT FULL COVERAGE COMPREHENSIVE AND/OR FULL COVERAGE COLLISION, CHECK THE APPLICABLE "FC" BOXES BELOW (COLLISION CAN'T BE WRITTEN UNLESS YOU CARRY COMPREHENSIVE TOO) | COLLISION |
| 1 | | | ☐ FC ☐ | ☐ FC ☐ |
| 2 | | | ☐ FC ☐ | ☐ FC ☐ |
| 3 | | | ☐ FC ☐ | ☐ FC ☐ |

*REMEMBER, IF YOU CURRENTLY CARRY RENTAL REIMBURSEMENT COVERAGE IT WILL AUTOMATICALLY BE CONVERTED TO "LOSS OF USE COVERAGE".

SIGNATURE OF NAMED INSURED          DATE

We find this application to be confusing and lacking in clarity contrary to the guidelines of *Wiard v. Phoenix Ins. Co.*, supra, and insufficient to meet the standards of substantial compliance set out in *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984), and applied in *Tolison v. Ga. Farm Bureau Mut. Ins. Co.*, 253 Ga. 97 (1) (317 SE2d 185) (1984). Compare *Stafford v. Allstate Ins. Co.*, supra. As in *Tolison v. Ga. Farm Bureau*, supra, we find that the form does not clearly reveal whether appellee made a knowing waiver of the optional PIP benefits.

The second communication from appellant to its insured was again a multi-page mailing. Much of the information in the first mailing was included in the second with the exception that the second clearly stated that a failure to respond by March 1, 1975 would constitute a rejection of all optional coverages offered. As in the first mailing on one page two charts were presented: one showing state-prescribed additional no-fault PIP optional coverages, the other illustrating appellant's additional no-fault PIP optional coverages. On a separate form, affirmative statements denoting the desire to purchase four options were printed. To the left of each statement appeared a single box. The options offered included additional PIP, loss of use, full coverage comprehensive, and full coverage collision. A signature

line was provided at the bottom of the form. The application form in the second mailing, however, wholly unlike that provided in the first, contained no method or opportunity for the insured, here appellee, *to reject the coverage in writing*. Appellee did not respond to the second mailing. We hold that appellant's second mailing is insufficient under at least one prong of the foregoing two-part requirement in *Wiard v. Phoenix Ins. Co.*, supra. Appellee's failure to respond to it cannot be considered a rejection of optional PIP coverages. The trial court did not err in granting appellee's motion for summary judgment on the issue of appellant's liability for additional PIP coverage. *Southern Guaranty Ins. Co. v. Rowland*, 169 Ga. App. 554 (1) (313 SE2d 753) (1984). Cf. *Lavender v. St. Paul Mercury Ins. Co.*, 169 Ga. App. 453, 454 (313 SE2d 149) (1984) (Carley, J., concurring specially).

2. By cross-appeal appellee Ansley contends that the trial court erred in finding that appellant did not act in bad faith in denying appellee's claim for optional PIP benefits coverage. We disagree and affirm the judgment of the trial court. We are guided in this decision by *Southern Guaranty Ins. Co. v. Rowland*, supra, a recent opinion from this court which was based upon facts similar to this case, and which applied the Supreme Court's holding in *Wiard v. Phoenix Ins. Co.*, supra, interpreting OCGA § 33-34-5 (c). "[I]nsofar as the [appellant's] liability for a bad faith penalty, attorney fees, and punitive damages is concerned, [appellee Ansley's] motion for summary judgment should have been denied and the [appellant's] motion granted." *Southern Guaranty Ins. Co. v. Rowland*, supra at 556. We find the reasoning in *Southern Guaranty Ins. Co.* persuasive on this issue. The two appellate courts of this state drew different conclusions as to the sufficiency of the mailings made pursuant to OCGA § 33-34-5 (c) in the primary case construing this statute. See *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, supra, revg. 166 Ga. App. 47 (303 SE2d 161) (1983). As in *Southern Guaranty Ins. Co.*, we conclude that appellant did not act in bad faith in refusing to acknowledge liability for additional no-fault benefits.

*Judgments affirmed. Banke, P. J., and Sognier, J., concur. Benham, J., disqualified.*

DECIDED NOVEMBER 27, 1984 —
REHEARINGS DENIED DECEMBER 19, 1984 — ▮

*Edward L. Savell*, for appellant.
*Charles H. Ivey, David J. Dempsey*, for appellees.