Barbara GUERRUCCI and Enzo Guerrucci, as Next Friends of Lawrence and Jennifer Guerrucci, Plaintiffs-Appellants,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Defendant-Appellee.

No. 84–8587.

United States Court of Appeals,
Eleventh Circuit.

May 13, 1985.

Kenneth J. Rajotte, Atlanta, Ga., for plaintiffs-appellants.

Dean S. Daskal, Atlanta, Ga., for defendant-appellee.

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by

Before RONEY and HILL, Circuit Judges, and PITTMAN *, District Judge.

PER CURIAM:

The facts of this case are undisputed. The appellants held an automobile insurance policy issued by the appellee State Farm Mutual Automobile Insurance Company (State Farm). The policy was in effect prior to and at the time of the passage of the Georgia Motor Vehicle Accident Reparations Act (Georgia No-Fault Law), OCGA § 33–34–1, *et seq.* Prior to the effective date of the Act, the appellee mailed to the appellants a card entitled "Statement of Coverages as of March 1, 1975 (149)." On December 13, 1974, the appellant Enzo Guerrucci signed the card, rejecting all optional coverage (a copy of the card as executed by Mr. Guerrucci is attached as Appendix "A"). In June, 1976, appellant Enzo Guerrucci's wife and two children sustained serious bodily injuries in an automobile accident. The insurance policy was in full force and effect at that time. Appellants sought retroactive increase of personal injury protection (PIP) benefits. State Farm refused to extend the maximum PIP benefits. There is no question or issue about the basic coverage required by law of $5,000.00.

The question before this court is whether the district court erred in holding that the card provided by State Farm met the requirements of the Georgia No-Fault Law, OCGA § 33–34–5(c).

The appellants contend that the card does not meet those requirements. Under *Wiard v. Phoenix Insurance Co.*, 251 Ga. 698, 310 S.E.2d 221 (1983), State Farm was required to provide "a document containing (1) written information clearly stating the optional No-Fault PIP coverage and the optional No-Fault vehicle damage coverage, and (2) a means for the insured to make a written acceptance or rejection of each."

designation.

*Id.* at 700, 310 S.E.2d at 223. The appellants argue that State Farm's card did not meet the second of those requirements. They argue that the document must provide means by which the insured can make two separate written expressions of rejection—one for the personal injury coverage and one for the vehicle damage coverage.

The court finds the appellants' argument to be without merit. Subsequent to *Wiard,*

*King v. State Farm Mutual Automobile Insurance Co.,* 169 Ga.App. 651, 314 S.E.2d 486 (1984), considered the same optional coverage selection card of State Farm that is before this court and held its selection card meets the requirements of OCGA § 33–34–5(c). The order of the district court granting summary judgment in favor of State Farm is therefore AFFIRMED.

## APPENDIX A

Front

STATEMENT OF COVERAGES AS OF MARCH 1, 1975
If Policy Is In Effect As Of T    Date
NAMED INSURED: GUERRUCCI  ENZO  –              625112911   00 ⌣ GEOR

| POLICY NUMBER | AGENT | |
|---|---|---|
| 6251 129-808-11 | JAMES L SMITH | 1188 |
| YEAR & MAKE | COVERAGES – SEE EXPLANATION ON REVERSE | |
| 65 CHEV | A B P1 C H U | |

The minimum coverage requirements of the GEORGIA MOTOR VEHICLE ACCIDENT REPARATIONS ACT (commonly known as the NO FAULT LAW) have been automatically provided in your policy as shown in the coverage block above. SEE BROCHURE FOR EXPLANATION OF CHANGES. Additional coverage can be obtained by completing this form.
This form must be COMPLETED, SIGNED & RETURNED by:   DEC. 20, 1974

OPTIONAL COVERAGE OFFER
A choice of additional limits is available under the Personal Injury Protection Coverage (P). If you want to purchase additional limits, please mark your choice of limits below, sign, remove this portion from the identification cards, and return.

| OPTIONAL COVERAGE TOTAL AGGREGATE LIMIT (Includes PI Benefits) ▶ | P 2 $10,000 | P 3 $25,000 | P 4 $50,000 |
|---|---|---|---|

TO ASSURE ACCURACY MARK OVER THE X IN THE BLOCK OF YOUR CHOICE LIKE THIS ...    **X**

IF YOU WANT TO ADD ANY PHYSICAL DAMAGE COVERAGE OR CHANGE ANY PHYSICAL DAMAGE COVERAGE, MARK HERE.

REJECTION OF COVERAGE
I UNDERSTAND THAT ACCEPTANCE OF ANY OPTIONAL P COVERAGE CONSTITUTES THE REJECTION OF ALL OTHER COVERAGE P OPTIONS. EXCEPT THE $5,000 BASIC P LIMIT WHICH UNDER THE LAW CANNOT BE REJECTED I FURTHER UNDERSTAND THAT PHYSICAL DAMAGE COVERAGE OPTIONS, INCLUDING LOSS OF USE, WERE OFFERED TO ME. I WISH TO RETAIN MY PRESENT PHYSICAL DAMAGE COVERAGE COVERACES (IF ANY) AND REJECT ALL OTHER PHYSICAL DAMAGE COVERAGE OPTIONS, UNLESS I HAVE CHECKED THE BLOCK IMMEDIATELY TO THE LEFT.

12-13-1974
DATE

**X**  *Enzo Guerrucci*
SIGNATURE
10

Back

### HOW TO IDENTIFY YOUR COVERAGES

A   -Bodily Injury Liability
B   -Property Damage Liability
C   -Medical Payments
P   -Personal Injury Protection
D   -Comprehensive or Deductible Comprehensive
E   -Fire, Wind, and Theft
F   -80% Collision

G   -Deductible Collision
K   -Deductible Combined Additional Coverage*
L   -Deductible Comprehensive and Collision*
H   -Emergency Road Service
R   -Rental Reimbursement
U   -Uninsured Motor Vehicle
S   -Auto Death Indemnity and Specific Disability

*Applies only to AUTOMOBILE INSURANCE PLAN