## 41928. UNITED SERVICES AUTOMOBILE ASSOCIATION v. ANSLEY.

### (333 SE2d 579)

CLARKE, Justice.

This case involves the effect of a written rejection of no-fault benefits made by an insured under a policy in existence prior to the effective date of Ga. L. 1975, p. 3, former OCGA § 33-34-5 (c). The Court of Appeals held that the forms mailed by the insurer in December of 1974 were insufficient under our decision in *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698 (310 SE2d 221) (1983), in that the application lacked the required clarity. *United Services Auto. Assn. v. Ansley*, 173 Ga. App. 123 (325 SE2d 777) (1984). We reverse.

Frederick Ansley purchased automobile insurance from United Services Automobile Association (USAA) in 1972 and this policy was an "existing" policy on March 1, 1975, when the Georgia no-fault law went into effect. OCGA § 33-34-5. In December of 1974 USAA sent a mailing to all of its insureds explaining the changes and effect of the new law. At the time of the mailing the statute did not cover the procedure to be used for policies in existence on the date the law was to become effective. Ga. L. 1974, p. 113 et seq. A rule was issued by the Georgia Insurance Commission which required insurers to give notice of the optional coverages under no-fault to existing policyholders and to give them the opportunity to accept or reject optional coverages above the statutory minimum. Under the regulation the insureds were informed that a failure to respond to the mailing would mean acceptance of the maximum coverage available. Rules and Regulations of Georgia Insurance Dept., Chapter 120-2-28, p. 351.

The December 1974, mailing of USAA followed the commission rule. The no-fault law was amended in Ga. L. 1975, p. 3, to provide a statutory procedure taking existing policies into account. The amendment as it then existed provided: "(c) On and after March 1, 1975, all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this chapter shall be given an opportunity to accept or reject, in writing, the optional coverages required to be offered under this Code section; provided, however, that the failure of an insured to notify his insurer of his written acceptance or rejection within 30 days after written notice of the offer has been mailed by the insurer, postage prepaid, by first class mail to the address stated in the policy shall constitute a rejection of the optional coverage."

Mr. Ansley responded to the first mailing of December 1974, by checking the box indicating a desire to reject all optional coverages. In early 1975 USAA sent a second mailing to its insureds with existing policies in compliance with newly enacted OCGA § 33-34-5 (c),

Ga. L. 1975, p. 3. This document stated it was a second offer and if a response to the first offer had been completed and returned to USAA, no response need be made to the second mailing.

This case is controlled solely by the sufficiency of and response to the first mailing as opposed to our holding in *Wiard* where no response was made by the insured to the first mailing. Subsection (c) of OCGA § 33-34-5 as it then read applied to insured's under existing policies "who have not previously responded to an offer to accept or reject the optional coverages required to be offered by this chapter." In *Wiard* subsection (c) applied because the insured had not previously responded. We held that a mailing under subsection (c) required the insurer to send written information clearly stating the optional coverage and a means for the insured to accept or reject these coverages in writing. *Wiard.* When there has been a response to a mailing made prior to the 1975 adoption of OCGA § 33-34-5 (c), and there is no further written response by the insured, the response to the first mailing will control. *Ga. Farm Bureau Mut. Ins. Co. v. Drexler,* 254 Ga. 98 (326 SE2d 741) (1985).

Although there is in fact no statutory requirement for a pre no-fault offer, as Justice Gregory points out in his special concurrence in *Drexler,* supra, we held the offer in *Drexler* was sufficient because it met the minimum standard set forth in *Wiard.* The *Wiard* standard has also been used by the Court of Appeals in examining offers made to existing policyholders prior to the enactment of OCGA § 33-34-5 (c). See *Travelers Indem. Co. v. Thomas,* 172 Ga. App. 816 (324 SE2d 735) (1984); *King v. State Farm Mut. Auto. Ins. Co.,* 169 Ga. App. 651 (314 SE2d 486) (1984).

The enactment of subsection (c) was to ensure that all policyholders have an opportunity to accept or reject in writing the required optional coverages. We find that the first mailing sent by USAA and completed and returned by Ansley was a sufficient writing to make his rejection binding.

In addition to the portion of the application reproduced in the Court of Appeals' opinion, 173 Ga. App. 127, p. 125, there is a form setting forth directions for completing the no-fault application and a form explaining the mandatory minimum and optional coverages. The direction form provides a list of optional benefits in increments from $5,000 to $95,000 and gives the premium price for each option. The options are identified by letter (B through J) and if no response is made the policy will be issued with option D, which was $45,000 personal injury protection. As stated by the Court of Appeals, there was also a box to check if no optional coverages were desired. If an option other than D was desired, the form instructs the insured to place that option on the application form.

Mr. Ansley checked the box rejecting all optional coverage and

his policy therefore contained the statutory minimum on no-fault protection. We hold this rejection was binding and USAA was entitled to summary judgment.

Ansley contends the policy should be read to contain optional coverage of $45,000 on the ground that the application form was not a clear offer and opportunity to accept or reject optional coverages because there were no separate blocks to check as described in *Wiard* and as approved by this court in *Stafford v. Allstate Ins. Co.*, 252 Ga. 38 (311 SE2d 437) (1984). The fact that we have stated that a block to be checked for each option is adequate does not mean that such blocks are required. We disagree with the holding of the Court of Appeals in this case that the form under discussion "does not clearly reveal whether appellee made a knowing waiver of the optional PIP benefits." 173 Ga. App. 123; 125. We find that it does reveal a knowing waiver of PIP benefits and that the judgment in favor of Ansley on the issue of liability for optional benefits must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 4, 1985.

*Savell, Williams, Cox & Angel, Edward L. Savell,* for appellant.
*Scoggins, Ivy, Goodman & Weiss, Charles H. Ivy, David J. Dempsey,* for appellee.