## 75280. ANDERSON v. UNITED SERVICES AUTOMOBILE ASSOCIATION.
(365 SE2d 467)

BIRDSONG, Chief Judge.

This is an appeal from a motion granting summary judgment to appellee United Services Automobile Association (USAA) and denying appellant Hugh B. Anderson's cross-motion for summary judgment.

This case involves a determination whether appellee substantially complied, within the meaning of OCGA § 1-3-1 (c), with the requirements of former statutory provision OCGA § 33-34-5 (c). We hold that appellee did substantially comply with those statutory requirements, and that no genuine issue of material fact exists in this case which would bar the granting of appellee's motion for summary judgment by the trial court. (Appellee's motion to order supplemental record is denied.)

Appellant asserts as his sole enumeration of error that "[s]ince the offer to purchase optional personal injury protection benefits failed to meet the requirements of OCGA § 33-34-5 (c), the trial court erred in granting [appellee/defendant's] motion for summary judgment and denying [appellant/plaintiff's] motion for summary judgment."

Appellee's first offer of optional no-fault coverage duly mailed to appellant cannot be considered for any purpose in determining whether the statutory provision was complied with, because it failed to provide appellant with "a means for the insured to make a written acceptance or rejection" of the available optional coverages and appellant was an insured to whom the provisions of OCGA § 33-34-5 (c) applied. *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, 700 (310 SE2d 221); see also *United Svcs. Auto. Assn. v. Ansley*, 254 Ga. 647 (333 SE2d 579) (distinguishing but tacitly affirming *Wiard*). The appellant in this case stands in substantially the same position as did the insured in *Wiard* as both failed to respond to the first written no-fault cover-

age offer.

We need not determine whether appellee's second no-fault optional coverage offer was sufficient to meet the requirements of OCGA § 33-34-5 (c), although it appears on its face not to meet the two-prong test of *Wiard*, as we find that the record contains other adequate proof of such compliance by the appellee.

In addition to the above two offers, appellee mailed to all Georgia policyholders, including appellant, correspondence concerning no-fault optional coverages similar to that attached hereto as appendices 1 through 5. This correspondence was duly addressed to the address shown on the policy at the time of mailing, and each mailing was sent by first class mail. It further appears that the mailing of the material listed in appendices 1 through 5 occurred annually after the second offer was mailed in January or February 1975 until 1979. These facts contained in the affidavit of appellee's Director of Out-Mail Operation are uncontroverted by any other evidence of record. We find that the information contained in the above correspondence did, in its totality, substantially comply with the statutory requirements of OCGA § 33-34-5 (c). Compare the information contained in the correspondence at appendices with the documents found acceptable in *United Svcs. Auto. Assn. v. Ansley*, supra. Further, we find that the clarity of the documents, attached as appendices, speaks for itself.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

APPENDIX 1

## ORDER FORM — GEORGIA RENEWAL POLICY

| | Option selected is required for all eligible vehicles on your policy | |
|---|---|---|
| ☐ I want to purchase APIP option _____ (Insert option letter) | | |
| | Year | Trade Name |
| ☐ I want to purchase Loss of Use Coverage for: (Comprehensive must be in effect) | | |
| ☐ I want to purchase Full Coverage Comprehensive for: | | |
| ☐ I want to purchase Full Coverage Collision for: (Comprehensive must be in effect) | | |

| Policy Identification Number | Signature of Named Insured | Date |
|---|---|---|

United Services Automobile Association USAA Building • San Antonio, Texas 78288 · (A Reciprocal Interinsurance Exchange)

EXHIBIT 4, page 1

APPENDIX 2

EXHIBIT 4, page 2

### APPENDIX 3

The "Georgia Motor Vehicle Accident Reparations Act" (No-Fault Law) requires that certain optional ADDITIONAL PERSONAL INJURY PROTECTION (APIP) and PHYSICAL DAMAGE coverages be offered to Georgia policyholders. Besides the optional APIP coverage required by the State, we also offer other APIP options. The two charts below outline the available options. PHYSICAL DAMAGE options are shown below the charts.

A FEW WORDS ABOUT THE TWO APIP OPTIONS CHARTS BELOW... Although there are no internal limits on the State prescribed APIP options offered on Chart #1, please note the premium costs of these options in comparison with our APIP options offered on Chart #2. We suggest the options offered on Chart #2 represent the better value for our policyholders.

| CHART #1 NO-FAULT BENEFITS | COMPULSORY BASIC PIP | STATE PRESCRIBED APIP OPTIONS | | |
|---|---|---|---|---|
| | | OPTION B | OPTION C | OPTION D |
| LIMITS AVAILABLE | $5,000 | $5,000[1] | $20,000[1] | $15,000[1] |
| MEDICAL EXPENSE | $2,500 | | | |
| WORK LOSS (MAX./WEEKLY) | $ 200 | | These specific limits do not apply under these APIP options | |
| ESSENTIAL SERVICES EXPENSES (MAX./DAILY) | $ 20 | | | |
| FUNERAL EXPENSE | $1,500 | | | |
| SURVIVORS' BENEFITS[2] | YES | | | |
| ANNUAL PREMIUM PER VEHICLE | $0 | $10 | $14 | $19 |

| CHART #2 NO-FAULT BENEFITS | OUR APIP OPTIONS[3] | | | | |
|---|---|---|---|---|---|
| | OPTION E | OPTION F | OPTION G | OPTION H | OPTION J |
| LIMITS AVAILABLE | $5,000[1] | $20,000[1] | $45,000[1] | $70,000[1] | $95,000[1] |
| MEDICAL EXPENSE | Up To Limits Avail. | Up To Limits Avail. | Up To Limits Avail. | Up To Limits Avail. | Up To Limits Avail. |
| WORK LOSS (MAX./WEEKLY) | $ 200 | $ 200 | $ 300 | $ 300 | $ 500 |
| ESSENTIAL SERVICES EXPENSES (MAX./DAILY) | $ 20 | $ 20 | $ 20 | $ 20 | $ 20 |
| FUNERAL EXPENSE | $1,500 | $ 1,500 | $ 3,000 | $ 3,000 | $ 5,000 |
| SURVIVORS' BENEFITS[3] | YES | YES | YES | YES | YES |
| ANNUAL PREMIUM PER VEHICLE | $3 | $6 | $13 | $16 | $23 |

[1]Figures shown for LIMITS AVAILABLE under all APIP options are in addition to the Basic PIP limit of $5,000.

[2]Benefits that would have been paid under "Work Loss" and "Essential Services Expenses" in accordance with the limitations set forth in the law.

[3]The limits for individual benefits (Work Loss, Essential Services Expenses and Funeral Expense) shown under our APIP options replace the amounts shown under Basic PIP when our APIP is purchased. Medical Expenses plus all other benefits payable may not exceed the total amount of protection purchased.

## OTHER OPTIONS (Physical Damage) offered under Georgia No-Fault:

- Full Coverage Comprehensive
- Full Coverage Collision
  (Comprehensive must be in effect)

- Loss of Use Coverage
  (Comprehensive must be in effect) Pays up to $10 per day, maximum $300, due to loss of use of an insured vehicle because of damage caused to such vehicle.

If you want to purchase, or change, any of the No-Fault optional coverages, use the ORDER FORM on the back. Sign the form and return it. If you want changes to coverages other than those shown above, indicate the changes on the "Automobile Insurance Renewal Notice" form enclosed. THANK YOU!

EXHIBIT 4, page 3

APPENDIX 4

EXHIBIT 4, page 4

558

APPENDIX 5

# Order/Rejection Form for Georgia optional No-Fault coverages

| Additional Personal Injury Protection | ☐ I want APIP option number _____ ☐ I reject all APIP options. | | |
|---|---|---|---|
| | | Year | Trade Name |
| No-Deductible Comprehensive Deductible coverage may be ordered on the auto application. | ☐ I want this coverage for the vehicles listed at the right. ☐ I reject this coverage. | | |
| No-Deductible Collision Deductible coverage may be ordered on the auto application. | ☐ I want this coverage for the vehicles listed at the right. ☐ I reject this coverage. | | |
| Loss of Use | ☐ I want this coverage for the vehicles listed at the right. ☐ I reject this coverage. | | |

y ID Number      Signature of Named Insured      Date

EXHIBIT 4, page 5

DECIDED JANUARY 15, 1988.

*Neal B. Graham*, for appellant.
*Edward L. Savell*, for appellee.